HULSHIZER (GRAY v.). See Case No. 5,717.

## Case No. 6,863.

### In re HULST.

[7 Ben. 17.][1]

District Court, S. D. New York. Sept., 1873.

ASSIGNEE AND RECEIVER—SALE OF PROPERTY.

1. Property was forcibly taken by the marshal, under a warrant issued in bankruptcy proceedings, from the possession of a receiver appointed by a state court, in proceedings supplementary to execution against the bankrupt, and was by the marshal handed over to the assignee, when appointed. The assignee applied for an order to sell the property: Held, that the court would not summarily order a sale of property so taken, against the protest of the receiver.

2. The title of the assignee to the property must be enforced by a plenary suit.

This matter came up on a certificate of the register, who certified to the court that the marshal had taken a stock of goods by virtue

1 [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

of the warrant issued in these proceedings, which he had delivered to the assignee on his appointment; that the property was claimed by one Daniel Adee, as receiver appointed by the supreme court of the state of New York, in proceedings supplementary to execution issued upon a judgment against the bankrupt [William W. Hulst]; and that the assignee had asked for an order of sale of the property. The register gave reasons why he considered the judgment in question fraudulent as against the assignee, and gave it as his opinion that the order for sale should be granted.

## Case No. 6,864.

### In re HULST.

[7 Ben. 40.][1]

District Court, S. D. New York. Nov., 1873.

PRIVILEGE OF WITNESS—RECEIVER APPOINTED BY A STATE COURT A WITNESS IN BANKRUPTCY PROCEEDINGS — POSSESSION OF BOOKS AND PAPERS.

A. was appointed receiver by the New York supreme court, in supplemental proceedings against H. Afterwards, in bankruptcy proceedings against H., A. was summoned as a witness before the register, under section 26 of the bankruptcy act [of 1867 (14 Stat. 529)]. A suit was pending against him, for the possession of the bankrupt's books, brought by the assignee

1 [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

in bankruptcy. He appeared, but declined to be sworn, or to produce the books, except upon the order of the court which appointed him receiver: *Held*, that the receiver was not privileged, but must be sworn as a witness under the bankruptcy act, and answer the questions put to him; that he must also produce the bankrupt's books, to be used, on the examination, as evidence; but that the books were to remain in his possession, and were not to be surrendered to the assignee.

The register certified the facts, in this case for the decision of the court, as follows: Daniel Adee was appointed receiver by the New York supreme court, upon supplemental proceedings instituted by a judgment creditor of [William W.] Hulst, the bankrupt. During the proceedings in bankruptcy, in this case, before the register, Adee was summoned as a witness, and required to produce the books and accounts of Hulst, under his control as receiver. He came, but declined to be sworn and examined. It was contended against him, that section 26 of the bankruptcy act (Rev. St. §§ 5086, 5087 [14 Stat. 529]), allows no privilege to a witness as officer of a state court, but covers all persons.

S. G. Courtney, for assignee.
G. W. Niles, for witness.

BLATCHFORD, District Judge. The witness must be sworn, and submit to be examined, under section 26. It must depend upon the course of examination, whether any books must be produced.

In accordance with this decision, the receiver, Adee, appeared, was sworn as a witness, and was examined. He was then required to produce the books and papers in his control. He was willing to produce them, but only for use as evidence at the examination before the register, alleging that an equity suit for the possession of them was then pending, brought against him, as receiver, by said assignee, and that he was entitled to retain possession until the determination of that suit. He further claimed, that section 14 of the bankruptcy act applies to clerks and others having custody of books and accounts, but not to a receiver, who, by authority of court, owns them. The register held that the receiver must produce and surrender the books, &c., to the assignee. This he refused to do; and the register, by request, certified the question for decision of the court.

BLATCHFORD, District Judge. Mr. Adee is entitled, at present, to refuse to deliver up the books to the assignee, or to give him possession thereof. But he must produce them to be used, on the examination, as evidence.